# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANTHONY S. RODRIQUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-cv-077-DRH** |
| | ) | |
| **PEOPLE of the STATE of ILLINOIS, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Anthony S. Rodriquez was convicted in Randolph County, Illinois, on two counts of criminal sexual assault.  He is currently incarcerated in the Illinois River Correctional Center, serving consecutive sentences of 20 years and 40 years.  Rodriquez brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.  He later filed a second habeas corpus action challenging different aspects of the same conviction.  The Court consolidated the two cases (*see* Doc. 7), and several pending motions must be addressed before further proceedings are ordered.

First, Rodriquez seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the Court finds that he is indigent.  Therefore, the motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**.

Next, Rodriquez asks for leave to amend or correct the parties to this action (Doc. 3, 6).  He filed these motions after realizing that the only proper respondent for this action is his current

custodian.  These motions are **GRANTED**.  Respondents **PEOPLE OF THE STATE OF ILLINOIS, ATTORNEY GENERAL OF THE STATE OF ILLINOIS,** and **DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS** are **DISMISSED** from this action.

Finally, Rodriquez filed a motion to amend his original petition (Doc. 9).  In this motion, he seeks to correct a few case number references regarding some of his state court proceedings.  This motion is **GRANTED**; the Court and all parties will make the necessary corrections to the petition.

Thus, the Court turns to the petition, which is contained in two separate pleadings.  First is the original petition, and second is the supplement.[1]  Thus, the claims in this action are contained in the original petition (Doc. 1) and in the supplement (Doc. 7), with certain clerical corrections in the motion to amend (Doc. 9).

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent BIRKEY shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[1]  Rather than have Rodriquez rewrite his entire petition following consolidation of the two cases, the Court directed the Clerk to file the second petition as a supplement to the original.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:   August 31, 2010.**

/s/      DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**